**E-FILED**
Friday, 03 April, 2009  04:20:50 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **MARVIN D. REED,** ) | |
|           **Plaintiff,** ) | |
| **v.** ) | |
| ) | **Case No.  08-2072** |
| **COMMISSIONER OF SOCIAL SECURITY,** ) | |
| **sued as Michael J. Astrue,** ) | |
| ) | |
|           **Defendant.** ) | |

# REPORT AND RECOMMENDATION

In September 2007, Administrative Law Judge (hereinafter "ALJ") Peter Caras denied Plaintiff Marvin Reed's application for supplemental security income and disability insurance benefits.  The ALJ based his decision on a finding that Plaintiff can perform jobs that exist in significant numbers in the national economy.

In March 2008, Plaintiff, acting *pro se*, filed a Complaint (#5) against Defendant Michael Astrue, the Commissioner of Social Security, seeking judicial review of the ALJ's decision to deny social security benefits.  In September 2008, Plaintiff filed a document that the Court deems to be his motion for summary judgment (#14).  In October 2008, Defendant filed a Motion for an Order Which Affirms the Commissioner's Decision (#15).

An ALJ's decision is subject to review pursuant to 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  The United States Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consol. Edison Co. v. New York*, 305 U.S. 197 (1938)).  The Court must defer to an ALJ's determinations regarding credibility, "so long as they find some support in the record."  *Edwards v. Sullivan*, 985 F.2d 334, 338 (7th Cir. 1993).

Plaintiff's document describes the chronology of his federal suit.  It also describes his physical condition, including the fact that he is blind in one eye, he has little feeling in his left wrist as a result of breaking it years ago, and he cannot stand for long periods of time.  Plaintiff has pointed to no particular legal or factual error in the ALJ's decision, nor has he discussed the ALJ's decision or the medical record.

The question before the Court is not whether Plaintiff is disabled, but whether substantial evidence in the record supports the ALJ's finding of no disability.  *Books v. Chater*, 91 F.3d 972, 977 (7th Cir. 1996).  This Court is not free to reweigh conflicting evidence or substitute its own judgment; "so long as reasonable minds may differ, the [Commissioner's] decision will be upheld."  *Lee v. Sullivan*, 988 F.2d 789, 793-94 (7th Cir. 1993).  After reviewing the briefs, the ALJ's decision, and the record, the Court concludes that substantial evidence in the record supports the ALJ's finding of no disability.  Accordingly, the Court recommends denying Plaintiff's motion for summary judgment.

While one can sympathize with Plaintiff's difficulties with finding a job, the Commissioner is permitted to grant social security benefits only to those who are incapable of engaging in any substantial gainful activity by reason of a medically determinable physical or mental impairment.  42 U.S.C. § 423(d); *see Jones v. Shalala*, 10 F.3d 522, 526 (7th Cir. 1993).  If jobs exist which a claimant could perform, he will not be entitled to disability benefits.  *See* 42 U.S.C. § 423(d)(2)(A).

## Summary

After reviewing the administrative record and the parties' memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Plaintiff's motion for summary judgment **(#14)** be **DENIED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten working days after being

served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute waiver of objection on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 3rd day of April, 2009.

_____ s/ DAVID G. BERNTHAL _____
U.S. MAGISTRATE JUDGE